Dear Mr. Boudreaux:
You have asked this office to advise you whether you may continue in your employment as Youth Services and Program Director for the 15th
Judicial District Attorney's Office, as you have recently been elected as Councilman for District 4 of the Lafayette City-Parish Council.
The provisions of R.S. 42:61, et seq., of the Louisiana Dual Officeholding and Dual Employment Law govern our response to your question. Note first that the dual officeholding laws generally prohibit one from holding employment and elective office in the same political subdivision. R.S 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
However, for purposes of the dual officeholding law, the parish and the district attorney's office are separate political subdivisions. R.S.42:62(9) states:
 (9) "Political subdivision" means a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of *Page 2 
voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
R.S. 42:63 does not prohibit one from holding the local elective office of police juror and employment in a separate political subdivision such as the district attorney's office. However, R.S. 16:6 requires the police jury to fund the salaries of employees of the district attorney, as the statute provides:
 § 6. Reimbursement for expenses; payment by police juries
 The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties.
 The police juries of the various parishes of the state of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities.
Note here that in your capacity as police juror you have a mandatory duty pursuant to R.S. 16:6 to fund those "salaries or charges for special officers, investigators and other employees" of the district attorney's office, which would include your position of employment there. The issue in Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La. 1988) was whether R.S. 16:6 imposes a mandatory duty on a police jury to fund the itemized expenses set forth in the statute. The Court stated:
 A reading of the language employed by the legislature, in the context of the statute as a whole, leads us to the conclusion the term "authorized" is mandatory. Reed, supra, at page 1045.
The incompatibility provisions of R.S. 42:64(A)(5) and (6) are raised by this scenario, as the statute provides:
 § 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 ***** *Page 3 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
You, in your capacity as police juror, would essentially vote to fund your employment with the district attorney's office. For this reason, R.S. 42:64 is applicable and the two positions are considered incompatible.
This office came to the same conclusion in Attorney General Opinion 06-0076. In Opinion 06-0076 this office concluded an individual elected to the Bossier Parish Policy Jury could not also hold employment as the information technologies manager for the Bossier Parish District Attorney's office as the positions are incompatible under R.S. 42:64.
Note that Opinion 95-318 fails to mention R.S. 16:6 and the incompatibility issues raised herein and for that reason is recalled.
Finally, there are no provisions in the dual-officeholding laws which would exempt you from the prohibitions if you recused yourself from voting on all council matters pertaining to the district attorney's office.
Because the positions here are incompatible, you would have to resign your employment within the district attorney's office if you intend to serve as parish councilman.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:arg